FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUN 13 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. ___2:07cr123-WKW___ |
| | ) | [18 U.S.C. 922(g)(1)] |
| MARIO ANTWAINE HOLIFIELD | ) | |
| aka MARIO ANTWINE HOLIFIELD | ) | |
| aka MARIO ANTWANE HOLIFIELD | ) | |
| aka KEVIN ROONEY | ) | |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

COUNT 1

On or about August 9, 2006, in Montgomery County, within the Middle District of Alabama,

MARIO ANTWAINE HOLIFIELD
aka MARIO ANTWINE HOLIFIELD
aka MARIO ANTWANE HOLIFIELD
aka KEVIN ROONEY,

defendant herein, having been convicted of the following felony offenses, crimes punishable by

imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)    on or about June 25, 1997, Manslaughter, case number CC 1996-000121, in the
      Circuit Court of Jefferson-Bessemer County, Alabama;

2)    on or about June 27, 1997, Receiving Stolen Property 1st, case number DC 1997-
      000736, in the District Court of Jefferson-Bessemer County, Alabama;

3)    on or about July 28, 2000, Manslaughter, case number CC 1998-000950, in the
      Circuit Court of Jefferson-Bessemer County, Alabama; and

4)    on or about September 7, 2000, Robbery 2nd, case number CC 1998-000346, in the
      Circuit Court of Jefferson-Bessemer County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit:

SCANNED

a Smith and Wesson handgun, Model SW357V, a better description of which is

unknown to the grand jury;

in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) .

## COUNT 2

On or about October 30, 2006, in Chilton County, within the Middle District of Alabama,

MARIO ANTWAINE HOLIFIELD
aka MARIO ANTWINE HOLIFIELD
aka MARIO ANTWANE HOLIFIELD
aka KEVIN ROONEY,

defendant herein, having been convicted of the following felony offenses, crimes punishable by

imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) on or about June 25, 1997, Manslaughter, case number CC 1996-000121, in the Circuit Court of Jefferson-Bessemer County, Alabama;

2) on or about June 27, 1997, Receiving Stolen Property 1st, case number DC 1997-000736, in the District Court of Jefferson-Bessemer County, Alabama;

3) on or about July 28, 2000, Manslaughter, case number CC 1998-000950, in the Circuit Court of Jefferson-Bessemer County, Alabama; and

4) on or about September 7, 2000, Robbery 2nd, case number CC 1998-000346, in the Circuit Court of Jefferson-Bessemer County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit:

a Bersa .380 caliber semiautomatic handgun, a better description of which is unknown

to the grand jury;

in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) .

## FORFEITURE ALLEGATION

A.    Counts 1 and 2 of this indictment are hereby repeated and incorporated herein by

2

reference.

B.    Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1),

as alleged in Counts 1 and 2 of this indictment, the defendant,

MARIO ANTWAINE HOLIFIELD
aka MARIO ANTWINE HOLIFIELD
aka MARIO ANTWANE HOLIFIELD
aka KEVIN ROONEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Section

2461(c), all firearms and ammunition involved in the commission of this offense, including but not

limited to the following:

1)    a Smith and Wesson handgun, Model SW357V, a better description of which

is unknown to the grand jury;

2)    a Bersa .380 caliber semiautomatic handgun, a better description of which is

unknown to the grand jury;

C.    If any of the property described in this forfeiture allegation, as a result of any act or

omission of the defendant

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred and sold to, and deposited with a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which

cannot be divided without difficulty; the court shall pursuant to Title 21, United States Code, Section

853 as incorporated by Title 28, United States Code, Section 2461(c), order the forfeiture of any

other property of the defendant up to the value of any property described in paragraph B above. All

in violation of Title 18, Unites States Code, Sections 922(g) and 924(d).

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
United States Attorney

_____
John T. Harmon
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney