IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
            v.                )    CR. NO. 2:07-cr-123-WKW
                              )
MARIO ANTWAINE HOLIFIELD      )
a/k/a MARIO ANTWINE HOLIFIELD )
a/k/a MARIO ANTWANE HOLIFIELD )
a/k/a KEVIN ROONEY            )
```

**PLEA AGREEMENT**

DEFENSE COUNSEL:            WILLIAM W. WHATLEY, JR.

ASSISTANT U.S. ATTORNEY:    MATTHEW W. SHEPHERD

**COUNT AND STATUTE CHARGED:**

Counts 1-2          18 U.S.C. § 922(g)(1)
                    Felon In Possession Of A Firearm

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1             18 U.S.C. § 922(g)(1)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1-2           18 U.S.C. § 922(g)(1)
                    NMT 10Y or if previously convicted of three
                    violent felonies or serious drug offenses,
                    then NLT 15Y and NMT life, or
                    NMT $250,000 or both;
                    NMT 3Y SUP REL, or NMT 5Y SUP REL if Armed
                    Career Criminal;
                    $100 AF;
                    VWPA.

**ELEMENTS OF THE OFFENSE:**

COUNT 1: 18 U.S.C. § 922(g)(1)

First:      The defendant knowingly possessed a firearm or
            ammunition in or affecting interstate commerce, as
            charged; and
Second:     Before the defendant possessed the firearm or
            ammunition, the defendant had been convicted in a
            court of a crime punishable by imprisonment for a

term in excess of one year, that is, a felony
offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew W. Shepherd, Assistant United States Attorney and
William W. Whatley, Jr., attorney for the defendant, pursuant to
Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as
Amended, have, with the authorization of the undersigned
defendant, heretofore entered into discussions with a view
towards reaching a pretrial conclusion of the charges pending in
the Indictment herein and a Plea Agreement has been reached by
said parties.  The plea is being submitted to the Court pursuant
to Federal Rules of Criminal Procedure 11(c)(1)(A) and
11(c)(1)(C), and the parties understand that, if the terms of the
Plea Agreement are not accepted by the Court, the defendant will
be allowed to withdraw the defendant's plea of guilty and proceed
to trial.  If the Court accepts this agreement, however, and
defendant thereafter breaches this agreement, his guilty plea may
not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the
offense charged in Count 1 of the Indictment, the attorney for
the Government will do the following:

a.  The Government will agree that a 2-level reduction
in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a)

2

for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

      b.   The government and the defendant agree that the defendant qualifies as an Armed Career Criminal pursuant to 18 U.S.C. §924(e)and that the provisions of U.S.S.G. § 4B1.4 apply to the calculation of the sentencing guidelines range in his case.

      c.   The government and the defendant agree to a sentence of imprisonment at the bottom end of the applicable sentencing guideline range as determined by the Court.

d. The government agrees to move to dismiss Count 2 of the indictment at sentencing upon the Court's acceptance of the terms of the plea agreement.

2. If the defendant completes the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e) to reflect the defendant's substantial assistance. If that were to be the case, then the Government will recommend that the defendant's sentence be reduced in accordance with the terms of the Cooperation Agreement in the following manner:

a. If the defendant complies with the terms of Paragraph 4(a) of the Cooperation Agreement below, the government will recommend that the defendant's offense level be reduced by three levels.

b. If the defendant complies with the terms of Paragraph 4(b) of the Cooperation Agreement below and the government receives written confirmation from the Elmore County Sheriff's Office or District Attorney's Office that the Defendant has provided material and truthful substantial assistance to the investigation and prosecution of a crime of violence in Elmore County, the government will recommend that the defendant's offense level be reduced by two levels.

4

c.  Determination of whether the defendant has met the defendant's obligations contained in the Cooperation Agreement to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) is at the sole discretion of the United States. The failure of the Court to grant the motion or to sentence defendant as recommended by the government shall not provide defendant with a basis to withdraw his plea.  If the defendant completes his obligations under the Cooperation Agreement after sentencing, the government agrees to move for the appropriate reduction in the defendant's sentence pursuant to Federal Rule of Criminal Procedure Rule 35(b).

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a.  To plead guilty to Count 1 of the Indictment.

b.  To forfeit all firearms in his possession.

c.  Not commit any State, local or federal offenses.

d.  The defendant agrees to the sentence of a term of imprisonment contained in paragraph 1 above and agrees that it is a reasonable sentence.

e.  To comply with all provisions of the Cooperation Agreement set forth below.

5

## **COOPERATION AGREEMENT**

4.    The Defendant agrees to make a good faith effort to assist the United States and any state or local law enforcement agency in the investigation and prosecution of other persons involved in the illegal possession and distribution of firearms, or any other illegal activity of which the Defendant has personal knowledge, subject to the following terms:

a.    The Defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States, the State of Alabama, and any other state or local law enforcement agency, upon reasonable request and to fully and truthfully respond to all questions asked of him. The Defendant agrees to fully and truthfully disclose to the United States all information he possesses that relates to violations of federal firearms statutes and any other criminal violations of state or federal law in the Middle District of Alabama and elsewhere. Upon request, the Defendant agrees to testify truthfully at any federal trial in any case in which he is called as a witness regarding violations of federal firearms laws or other violations of federal law, including regarding the information he provided during the interview conducted with the Defendant on September 28, 2007, by representatives of the government.

6

      b.    The Defendant agrees to cooperate fully and truthfully with the Elmore County Sheriff's Office and any other state or local investigative agency or prosecutor's office regarding the information the Defendant provided to Investigator Jeremy Amerson of the Elmore County Sheriff's Office during an interview on September 28, 2007.  This cooperation may include testifying before a grand jury or at trial if requested by the Elmore County District Attorney's Office.

      c.  The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to testify truthfully whenever called upon.

      d.    Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly.  The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

      e.    If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him.  Thus, if at any time he should knowingly and willfully withhold evidence from the United

States, Alabama, or other state or local law enforcement agency investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1)  prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3)  to use against him in all of those prosecutions and sentencings the documents that he has himself disclosed or furnished to the United States during the course of his cooperation;  (4)  to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant.

## FACTUAL BASIS

5.  On or about August 9, 2006, in Montgomery County, within the Middle District of Alabama, within the Middle District of Alabama, MARIO ANTWAINE HOLIFIELD, defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1.) on or about June 25, 1997, Manslaughter, (Case # CC 1996-000121), in the Circuit Court of Jefferson-Bessemer County, Alabama;

2.) on or about June 27, 1997, Receiving Stolen Property
1st, (Case # DC 1997-000736), in the Circuit Court of Jefferson-
Bessemer County, Alabama;

3.) on or about July 28, 2000, Manslaughter, (Case # CC
1998-000950), in the Circuit Court of Jefferson-Bessemer County,
Alabama;

4.) on or about September 7, 2000, Robbery 2nd, (Case # CC
1998-000346), in the Circuit Court of Jefferson-Bessemer County,
Alabama;
did knowingly possess in and affecting commerce the following
firearm:

a Smith and Wesson, Model SW357V, handgun,
in violation of Title 18, United States Code, Section 922(g)(1).

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

6.  Understanding that 18 U.S.C. § 3742 provides for appeal
by a defendant of the sentence under certain circumstances, the
defendant expressly waives any and all rights conferred by
18 U.S.C. § 3742 to appeal the sentence.  Defendant further
expressly waives the right to appeal the sentence on any other
ground and waives the right to attack the sentence in any
post-conviction proceeding, except on the grounds of ineffective
assistance of counsel or prosecutorial misconduct.

7.  The government does not waive its right to appeal any
order dismissing the Indictment, vacating a sentence, or

9

otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

8.  The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.  The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing.  The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the

10

financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d.   The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.   The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.   The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used

11

against the defendant in a prosecution for perjury or false
statement if the answers are not truthful.

g.    The Defendant further understands and advises the
Court that the Plea Agreement as set forth herein and the plea to
be entered by the defendant as a result thereof is voluntary on
the defendant's part and is not the result of any force or
threats or of any promises apart from the aforesaid Plea
Agreement.  The defendant further advises the Court that the Plea
Agreement set forth herein is the result of prior discussions
between the attorney for the government and the attorney for the
defendant, all conducted with the defendant's authorization,
knowledge, and consent.

h.    The defendant further advises the Court that the
defendant's understanding of this Plea Agreement is as set forth
in this document.

i.    The defendant further advises the Court that it is
understood that the government can only make a recommendation
which is not binding on the Court.

j.    The defendant further advises the Court that the
defendant understands and has been advised that evidence of a
plea of guilty, later withdrawn or an offer to plead guilty to
the crime charged in the Indictment herein, or of statements made
in connection with and relevant to said plea or offer to plead,
shall not be admissible in any civil or criminal proceedings

12

against the defendant. However, the defendant does understand
that evidence of a statement made in connection with and relevant
to a plea of guilty, later withdrawn, or an offer to plead guilty
to the crimes charged in the Indictment herein, is admissible in
a criminal proceeding for perjury or false statement when the
statement was made by the defendant under oath, on the court
record, and in the presence of counsel.

          k.   The defendant is satisfied that defense counsel has
been competent and effective in representing defendant.

     9.   The undersigned attorneys for the government and for the
defendant represent to the court that the foregoing Plea
Agreement is the agreement of the parties that has been reached
pursuant to the Plea Agreement procedure provided for in Rule 11,
Federal Rules of Criminal Procedure, as Amended. The attorney
for the defendant further advises the Court that the defendant
has been advised of the nature of the charge to which the
foregoing described plea is to be offered, and that the defendant
has been advised of the defendant's right to plead not guilty and
to be tried by a jury on all issues herein; of the maximum
possible penalty provided by law; that by the entering of a plea
of guilty as aforesaid, the defendant waives the right to be
tried by a jury or by the Court, waives the right to confront and
cross-examine witnesses against the defendant and the right not
to be compelled to incriminate the defendant; and that if the

13

defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

10.   The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

11.   The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a).

These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This 26TH day of October, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


Louis V. Franklin, Sr.
Criminal Chief


Matthew W. Shepherd
Assistant United States Attorney
131 Clayton St.

15

Montgomery, Alabama 36104

**I have read the foregoing Plea Agreement, including the Cooperation Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.**

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, WILLIAM W. WHATLEY, JR.**

MARIO ANTWAINE HOLIFIELD/DEFENDANT

10/26/07
Date

WILLIAM W. WHATLEY, JR.
Attorney for the Defendant

10/26/07
Date

16